## ANDREWS v. LOEB.

1. In 1826 a lot of land was devised to L., the wife, for life, and upon her decease to be sold and the proceeds divided between A. and S., the children, their heirs and assigns, but in the event of either A. or S. dying, leaving no issue living at the time of L.'s death, the whole of said property was to go to the survivor, his or her heirs or assigns for ever; and executors were appointed. It was also declared that the "estate bequeathed to S. is for her and the heirs of her body, to them and their assigns for ever." A. conveyed his interest to S., and afterwards L. died and also A., unmarried. *Held,* that S. had a good title in fee simple to this land.

2. What S. took under this will was personalty, and words which, as to land, would create a fee-conditional, create an absolute estate in personalty.

3. There being no disposition by will of the fee, it descended to testator's heirs at law, who were his widow and those, their children. S. was therefore now the sole heir, and the words "heirs of her body" in this will have no relation to the fee thus descended, but only to her interest in the proceeds of the sale.

Before FRASER, J., Charleston, November, 1884.

This was a controversy without action between Sarah Ann Andrews and Lee Loeb. The opinion fully states the case.

*Mr. J. N. Nathans,* for appellant.

*Messrs. Lord & Hyde,* contra.

March 2, 1885. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This is a controversy without action, and it involves but a single question, *i. e.,* whether the plaintiff can convey to the defendant a fee simple title to one-half of certain premises, situate in Charleston, which defendant had contracted to purchase from said plaintiff. It is admitted that as to the other half the plaintiff can make good title.

The lot in question formerly belonged to one Moses Andrews, the father of the plaintiff, who, by his will, dated in 1826, gave and devised said lot to his wife, Louisa Andrews, for life, "and upon her decease the same to be sold and the proceeds thereof to

be equally divided between my two children, Augustus O. Andrews and Sarah Ann Andrews, share and share alike, their heirs and assigns, but in the event of either of my children dying, leaving no issue living at the time of the decease of my said wife, Louisa, the whole of said property to go to the survivor, his or her heirs or assigns forever," appointing his wife Louisa and one David Kittleband, executrix and executor. At the bottom of the will, and noted in the attestation clause, the following language was inserted : "It is understood that the property and estate hereby bequeathed to my daughter is to her and the heirs of her body, to them and their assigns forever." In November, 1847, Augustus O. Andrews conveyed his interest to his sister, the plaintiff, and he died in 1880. The widow, Mrs. Louisa Andrews, died in 1879. The plaintiff has never married.

Upon these facts his honor, Judge Fraser, to whom the controversy was submitted, decreed that the plaintiff could convey the land in fee simple to the defendant; he therefore ordered and adjudged that upon a proper deed conveying the interest in question by the plaintiff being tendered, that defendant do carry out his contract of purchase according to the terms agreed upon. This decree was based upon the following reasoning as expressed in the decree: "The will under which the plaintiff claims gives positive directions that the land shall be sold and the proceeds divided. What she took under the will, therefore, was personalty, and the words added to the will which would have given only a fee conditional in land, gave her an absolute estate in personalty, *i. e.*, in the proceeds of the land. The subsequent election to take the land instead of the money, operates to give her a good title in fee to the land. This election cannot in my view operate to transfer to the land, with a view of limiting the estate, words which, as to personalty, create an absolute estate. It was in effect a purchase of an absolute estate with the proceeds which were absolutely hers. It is therefore adjudged that the plaintiff can convey to the defendant in fee simple the one-half of said premises devised to her in the will of her father."

We adopt the reasoning of the Circuit judge and concur in his conclusion. This conclusion might also be sustained upon another ground if necessary. At the death of Moses Andrews,

inasmuch as he devised only a life estate to his widow, without disposing of the fee in terms to any one, the fee descended to his heirs. These were his widow and his two children, who inherited one-third each. That is, the fee descended to them in that proportion, awaiting a sale as directed by the will, upon the termination of the life estate. The widow died in 1879, upon which event the fee vested in the two children. Augustus died in 1880, leaving his sister, the plaintiff as his heir, who then became vested with the entire fee, or rather with the fee in the entire premises, to which fee the words in the will, "heirs of her body," have no relation, as those words apply only to her interest in the proceeds after sale, which, as the Circuit judge has held, was personalty. There has been no sale under the will, and, consequently, the fee has not been divested from the heir.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.